Filed 10/25/23  P. v. Solis CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062224 |
| v. | (Super. Ct. No. 10ZF0091) |
| WESLEY LEONEL SOLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Wesley Leonel Solis appeals the denial of his petition for resentencing under Penal Code section 1172.6.[1]  However, his appellate attorney was unable to find any arguable issues in the record, and we have not detected any either.  We therefore affirm the trial court's denial order.

## BACKGROUND

In 2012, appellant was convicted of special circumstances murder and other crimes for killing Mario Barajas to further the activities of his gang.  (§§ 187, subd. (a), 190.2, subd. (a)(22).)  The jury also found appellant caused Barajas' death by intentionally and personally discharging a firearm.  (§ 12022.53, subd. (d).)  The trial court sentenced appellant to 50 years to life in prison, and we affirmed the judgment on appeal.  (*People v. Solis* (Dec. 15, 2016, G048019) [nonpub. opn.].)

In 2022, appellant filed a petition for resentencing under section 1172.6, formerly section 1170.95.  Following a response by the People and a hearing at which appellant was represented by appointed counsel, the trial court denied the petition for failing to make a prima facie showing for relief.

In this appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  We informed appellant of his right to file a supplemental brief, however, he declined to do so.  Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues.  (See *id.* at p. 230.)  But our examination has only confirmed our conclusion appellant's counsel was right.  There is no arguable issue and appellant's petition was properly denied.

## DISCUSSION

Pursuant to section 1172.6, a defendant may petition for resentencing if he was convicted of murder under the felony murder rule, the natural and probable

---

[1]  All further statutory references are to the Penal Code.

2

consequences doctrine, or any other theory under which malice was imputed to him based solely on his participation in a crime. (§ 1172.6, subd. (a).) However, appellant was convicted of murder for personally shooting Barajas with malice aforethought. Because his jury was not instructed on any theory of imputed malice, he is ineligible for resentencing as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 542, 548; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) Therefore, the trial court properly denied his petition at the prima facie stage of the proceedings. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 971.) There is no arguable basis for disturbing that decision.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


MOTOIKE, J.

3